UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

BILLY J. FINNEY ]
    Plaintiff, ]
] No. 1-14 0072
v. ] (No. 1:13-mc-0005)
] CHIEF JUDGE HAYNES
PEOPLE OF THE STATE OF ]
TENNESSEE ]
    Defendants. ]

## ORDER

Before the Court are Plaintiff's *pro se* "Federal Writ of Mandamus Relief" (Docket Entry No. 1) and his application to proceed *in forma pauperis* (Docket Entry No. 9).

From a review of his application, Plaintiff lacks sufficient financial resources from which to pay the fee required to file the "Writ". Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

The Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; <u>or</u>

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding

1

monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Plaintiff, an inmate at the Shawnee Correctional Center in East Vienna, Illinois, is currently serving a fifteen (15) year sentence in Illinois for the unlawful possession of methamphetamines. According to his "Writ", Plaintiff has pending charges in Pulaski, Tennessee for false report and driving on a revoked license. Plaintiff filed several motions in the Tennessee trial court requesting that the state trial court either quash the Pulaski warrant or grant him a speedy trial. Plaintiff alleges that the state trial court "will not hear any of the motions this defendant has put forth." As a consequence, Plaintiff asks "this Superior Court take jurisdiction of this cause and make the lower court respond to the Quash Warrant/Speedy Trial".

Issues of this Court's jurisdiction or authority can be raised, *sua sponte*. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985). In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not enjoin pending state criminal proceedings begun prior to the institution of a federal action except in unusual situation where an injunction is necessary to prevent both immediate and irreparable injury. *Id.*, at pg. 46. Thus, Younger counsels federal courts to abstain from hearing challenges to pending state criminal proceedings, where interference by a federal court would disrupt the comity between state and federal courts. *Id.*, at 37-38; *see also* Tindall v. Wayne County Friend of the Court, 269 F.3d 533, 538 (6th Cir. 2001).

The state criminal proceeding challenged by Plaintiff is ongoing. The State has an important interest in enforcing its criminal laws. Moreover, Plaintiff has the ability under state law to appeal

any adverse action arising from his prosecution. Plaintiff has not shown unusual circumstances sufficient to warrant federal intervention. Therefore, this Court abstains from interfering with the Plaintiff's ongoing state criminal prosecution. Under Younger abstention, a federal court should not dismiss the action in its entirety. Gibson v. Berryhill, 411 U.S. 564, 577 (1973). For that reason, this action is hereby **DISMISSED** without prejudice.

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should the Plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Warden of the Shawnee Correctional Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

**ENTERED** this the 17th day of June, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court